PER CURIAM.
We treat this appeal as a petition for writ of certiorari, seeking review of the trial court’s order granting a motion to compel discovery in aid of execution on a money judgment previously entered against Arkady Vaygensberg (“petitioner”) in favor of Alexander Barash (“respondent”). During his deposition, petitioner asserted his Fifth Amendment right to refuse to answer questions regarding his income and whether he filed federal income tax returns for the immediately-preceding six years. Petitioner also invoked his Fifth Amendment right in response to respondent’s request for the production of *557 petitioner’s personal federal income tax returns for those same years. Respondent filed a motion to compel petitioner to answer the deposition questions and to produce the requested tax returns. The trial court conducted two hearings on the motion and thereafter entered an order granting the motion to compel.
In light of petitioner’s failure to provide transcripts of the hearings held below,[1] and the absence of an evidentiary basis to support petitioner’s unadorned assertion of a Fifth Amendment claim,[2] we deny the petition.

. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).

. There are circumstances in which a civil litigant may properly assert a Fifth Amendment privilege and refuse to answer deposition questions even though no criminal charges are pending against him. DeLisi v. Smith, 423 So.2d 934 (Fla. 2d DCA 1982). Ultimately, however, it is the duty of the trial judge, rather than the right of the litigant, to determine the propriety of such an invocation of the privilege. The litigant's assertion of the privilege must be supported by a showing sufficient for the trial court to determine that the litigant has “reasonable grounds to believe that direct answers to deposition ... questions would furnish a link in the chain of evidence needed to prove a crime against him.” Rainerman v. Eagle Nat’l Bank, 541 So.2d 740, 741 (Fla. 3d DCA 1989).